1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   MICHAEL JACOBSEN, | Case No.  1:17-cv-00101-BAM (PC) |
| 12                    Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO |
| 13          v. | ACTION |
| 14   MALDINADO, | FINDINGS AND RECOMMENDATIONS TO DISMISS DOE DEFENDANTS FROM |
| 15                    Defendant. | ACTION WITHOUT PREJUDICE |
| 16 | (ECF No. 22) |
| 17 | **FOURTEEN (14) DAY DEADLINE** |

18

19          Plaintiff Michael Jacobsen ("Plaintiff") is a former state prisoner proceeding pro se and in

20   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to

21   magistrate judge jurisdiction.  (ECF No. 4.)

22          **I.      Background**

23          On June 8, 2017, the Court issued a screening order finding that Plaintiff had stated a

24   cognizable claim against Defendants Maldinado, Doe #1, Doe #2, and Doe #3 and directing

25   Plaintiff to provide the Court with written notice identifying Doe Defendants with enough

26   information to locate defendants for service of process.  (ECF No. 8.)  When Plaintiff failed to

27   provide such written notice, the Court issued an order requiring Plaintiff to show cause why Doe

28   Defendants should not be dismissed for failure to prosecute.  (ECF No. 15.)  Plaintiff was

1

explicitly warned that failure to comply with the Court's order would result in dismissal of the Doe Defendants from this action. (Id. at 2.)

In the meantime, Plaintiff filed a response to the Court's order to show cause regarding service of process on Defendant Maldinado. (ECF No. 17.) Pursuant to that submission, the Court granted Plaintiff a final opportunity to file written notice identifying Doe Defendants or a response stating why he was unable to do so. (ECF No. 19.) Plaintiff was again warned that failure to comply with the Court's order would result in dismissal of the Doe Defendants from this action. (Id. at 4.)

On October 5, 2017, Plaintiff filed a response to the Court's September 21, 2017 order to show cause, requesting an extension of 60 to 90 days after the opening of discovery to submit the names of the Doe Defendants. (ECF No. 21.) On October 6, 2017, the Court denied the request and directed Plaintiff, within forty-five (45) days, to file either a motion to substitute the Doe Defendants, or a status report explaining the actions he took to locate the names of Doe Defendants. (ECF No. 22.) Plaintiff was again warned that failure to comply with the Court's order would result in dismissal of the Doe Defendants from this action. (Id. at 3.)

On October 25, 2017, Plaintiff filed a notice of change of address, dated October 31, 2017, indicating that he is no longer incarcerated. (ECF No. 23.) The deadline for Plaintiff's response to the Court's October 6, 2017, order has expired. To date, Plaintiff has not otherwise communicated with the Court or complied with the Court's order.

**II.      Discussion**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s]

the necessary information to help effectuate service.'" Schrubb v. Lopez, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)), overruled on other grounds by Sandin, 515 U.S. at 483–84. However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421–22.

Plaintiff has been granted multiple opportunities to provide sufficient information to identify the Doe Defendants so the United States Marshal may serve the summons and complaint. Despite repeated warnings that failure to do so would result in dismissal of the Doe Defendants from this action, Plaintiff has not complied with the Court's orders. In addition, Plaintiff has failed to set forth good cause for his failure to identify the Doe Defendants, and has failed to provide any explanation detailing the efforts he has taken to locate the names of the Doe Defendants.

**III.     Order and Recommendation**

This Action proceeds on a claim for excessive force in violation of the Fourteenth Amendment against Officer Maldinado.

The Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that all Doe Defendants be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

1  objections within the specified time may result in the waiver of the "right to challenge the

2  magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.

3  2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

   IT IS SO ORDERED.

5

6     Dated:    **November 30, 2017**              /s/ *Barbara A. McAuliffe*

7                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28