# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBSEN,<br><br>        Plaintiff,<br><br>   v.<br><br>MALDINADO,<br><br>        Defendant. | Case No. 1:17-cv-00101-BAM (PC)<br><br>ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 35) |

Plaintiff Michael Jacobsen ("Plaintiff") is a county detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 30, 2017, the assigned Magistrate Judge issued findings and recommendations recommending the dismissal of the Doe Defendants from this action, without prejudice, due to Plaintiff's failure to identify the Doe Defendants and initiated service of process against them within the time required by Federal Rule of Civil Procedure 4(m). (ECF No. 24.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 3–4.)

On December 28, 2017, more than a week after the deadline to file objections had expired, Plaintiff filed a notice of change of address, as well as a request for re-service of the Court's recent orders. (ECF No. 30.) On January 3, 2018, the Court directed the Clerk's Office to re-serve the Court's November 30, 2017 findings and recommendations, as well as the Court's

December 14, 2017 discovery and scheduling order. (ECF No. 32.)

On January 10, 2018, the undersigned adopted the pending findings and recommendations, without objections from either party. (ECF No. 33.) On January 22, 2018, Plaintiff filed objections to the findings and recommendations. The objections are dated January 9, 2018. (ECF No. 35.)

In his objections, Plaintiff states that he first received the Magistrate Judge's findings and recommendations on January 8, 2018, after they were re-served by the Clerk's Office. Plaintiff objects to the dismissal of the Doe Defendants, stating that he sent a discovery request to the Defendants requesting the names of all the officers working in booking that day with Defendant Maldonado. Plaintiff states that all of his requests were objected to and none of the names were provided. Plaintiff further states that because he has been in and out of custody, he no longer possesses a copy of the request or the original complaint, of which he requests a copy. Plaintiff attaches a copy of a new discovery request he plans to submit, and states that he will file a motion to compel if the information is not provided. (Id.)

The Court finds Plaintiff's objections unpersuasive. Although Plaintiff states that he did not receive the Magistrate Judge's findings and recommendations until January 8, 2018, Plaintiff has been granted multiple opportunities to provide sufficient information to identify the Doe Defendants since the complaint was screened in June 2017. Plaintiff was further provided with multiple warnings that his failure to do so would result in dismissal of the Doe Defendants from this action. Nevertheless, Plaintiff failed to file either a motion to substitute or a status report explaining the actions taken to locate the names of the Doe Defendants, pursuant to the Court's October 6, 2017 order.

Further, the dismissal of the Doe Defendants from this action was without prejudice, mitigating any potential prejudice to Plaintiff. The deadline for the completion of all discovery is August 14, 2018, and all stipulated amendments or motions to amend the pleadings are due by June 14, 2018. Plaintiff may continue his efforts through discovery, and may seek to amend the complaint to name the Doe Defendants once they have been identified. Further, as Plaintiff has noted, he may file a motion to compel in the event of any discovery dispute.

With respect to Plaintiff's request for a copy of the complaint, Plaintiff has been advised that generally, the Clerk's Office will only provide copies at a cost of $0.50 per page. While the Court has previously provided Plaintiff with copies of court orders, as well as copies of the complaint, these were provided as a courtesy. Plaintiff's repeated incarcerations do not constitute good cause for requests for copies. No further such requests will be granted or accommodated. It is Plaintiff's responsibility to ensure mail reaches him, and that he maintains his own copies of documents he has filed with the Court.

Accordingly, Plaintiff's objections to the Magistrate Judge's December 4, 2017 findings and recommendations, (ECF No. 43), are OVERRULED.

IT IS SO ORDERED.

Dated: __February 7, 2018__  _____
SENIOR DISTRICT JUDGE