# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBSEN,<br><br>    Plaintiff,<br><br>v.<br><br>MALDINADO,<br><br>    Defendant. | Case No. 1:17-cv-00101-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 40) |

**I.  Background**

Plaintiff Michael Jacobsen ("Plaintiff") is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim for excessive force in violation of the Fourteenth Amendment against Defendant Maldonado (sued as Maldinado). All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 4, 29.)

On February 14, 2018, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the ground that Plaintiff failed to exhaust his administrative remedies.[1]  Fed. R. Civ. P. 56(c), Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 403 (2014). (ECF No. 40.)  On February 27, 2018,

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 40-1.)

1

Plaintiff filed his opposition to the motion for summary judgment. (ECF No. 41.) Defendant filed a reply on March 5, 2018. (ECF No. 43.) The motion is deemed submitted. Local Rule 230(l).

**II.     Legal Standard**

     **A.     Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendant must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with Defendants. Id. (quotation marks omitted).

///

///

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III.    Discussion**

**A.     Summary of Relevant Allegations**

The events in the complaint are alleged to have occurred while Plaintiff was housed at the Fresno County Jail. Officer Maldonado is the sole remaining defendant. Plaintiff's allegations are as follows:

3

On September 29, 2016, Plaintiff was arrested by Fresno Police and taken to the Fresno County Jail to be booked.  At the jail Plaintiff was told that his classification officer, Officer Maldonado, could call Plaintiff's probation officer in regards to his holding.  Officer Maldinado refused to call Plaintiff's probation officer, at which point Plaintiff requested to speak to another officer.  Officer Maldonado also refused this request.  Plaintiff then refused to dress out and hand over his clothing unless he was allowed to speak to Officer Maldonado's supervisor.  Plaintiff requested to speak to the supervisor several times, and Officer Maldonado refused.  Officer Maldonado then came back with three other unidentified officers.  The four officers tackled Plaintiff to the ground and continued to bash his face and head against the ground.  Plaintiff believes that the officers kicked his ribs and jaw, cracking his tooth.  Plaintiff was bleeding from his nose and eyebrow.  Plaintiff did not fight back, and half of the assaults took place after he was handcuffed.  A lieutenant then came and videotaped Plaintiff's injuries as he was strapped to the restraint chair.  Plaintiff was housed eight hours later.

Plaintiff suffered a broken nose with a laceration that resulted in a scar, a head injury causing weeks of migraines, a fractured right bottom tooth resulting in a bacterial infection that led to the tooth's removal, and bruised ribs that caused pain for a month and a half.

**B.     Undisputed Material Facts (UMF)[2]**

1. Plaintiff Michael Jacobsen ("Plaintiff") was in custody at the Fresno County Jail ("FCJ") from September 29, 2016 through March 6, 2017.  (Porter Decl. ¶ 4(h).)
2. Plaintiff was incarcerated at FCJ when we he filed his operative complaint.  (ECF No. 1; Porter Decl. ¶ 4(h).)
3. Plaintiff's sole claim against Defendant is a Fourteenth Amendment excessive force claim for an alleged incident that occurred on September 29, 2016.  (ECF No. 1.)
4. On December 8, 2017, Defendant filed his Answer to the Complaint, asserting affirmative defenses, including, failure to exhaust administrative remedies.  (ECF No. 26.)

///

---

[2] See Defendant's Separate Statement of Undisputed Material Facts in Support of Motion for Summary Judgment, (ECF No. 40-3), and Plaintiff's Opposition to Summary Judgment, (ECF No. 41).  Any facts which the parties dispute are not included in this statement of undisputed facts.

4

5. The FCJ's administrative grievance process is available to all inmates like Plaintiff who can file a grievance concerning any condition of confinement at FCJ. According to the FCJ's Policies and Procedures, this includes, but is not limited to, officer conduct. (Porter Decl. ¶¶ 5–10 & Exs. 1 (Fresno County Sheriff's Office Jail Division Policies and Procedures No. E-140), 2 (Fresno County Sheriff's Office Jail Division Inmate Orientation Handbook).)

6. The FCJ's Inmate Handbook states that inmates can file a grievance "<u>relating to any condition of confinement</u>, including but not limited to: medical care, classification actions, program participation, telephone, mail, visiting procedures, food, and clothing or bedding." (Porter Decl., Ex. 2 (alteration in original).)

7. The deadline to submit a grievance is fourteen days from the date of the incident that an inmate wishes to grieve, after which it is considered abandoned. (Porter Decl. ¶ 7 & Ex. 1, pp. 4–5; Ex. 2, p. 14.)

8. Plaintiff did not submit a grievance concerning the excessive force allegations against Defendant. (Porter Decl. ¶¶ 11–36 & Exs. 3–25 (Inmate Grievances Forms).)

9. Plaintiff filed grievances on October 15, 2016, October 7, 2016, and November 11, 2016, in which he describes his injuries. In the November 11, 2016 grievance, Plaintiff states that the injuries were ones he "got on 9-29-16." (ECF No. 41, pp. 16–25.)

10. Plaintiff did not submit a grievance concerning the allegations against Defendant prior to the expiration of the fourteen-day period. (Porter Decl. ¶¶ 11–36 & Exs. 3–25.)

**C. Discussion**

**1. Parties' Positions**

Defendant argues that Plaintiff did not exhaust his administrative remedies because Plaintiff did not: (1) file any grievances regarding the excessive force allegations against Defendant, (2) before the 14-day deadline, (3) or pursue a grievance through all required levels of review. Defendant argues that the grievance process was available to Plaintiff, who filed approximately seventeen grievances during his incarceration from September 29, 2016 through March 6, 2017.

In opposition, Plaintiff argues that the Inmate Handbook available to inmates does not list officer conduct as a possible grievance issue. Plaintiff further argues that he filed two grievances before the 14-day deadline, and three total grievances describing the injuries caused by the booking officers on September 29, 2016. Plaintiff alleges that FCJ does not permit the filing of grievances against Doe defendants, and because he did not know the names of any of the officers involved, including Defendant Maldonado, he was unable to file a grievance regarding the alleged assault. Plaintiff states that he has finally learned the names of two Doe Defendants, and requests that they be served. Plaintiff wishes to drop Doe Defendant #3 from the complaint. Finally, Plaintiff states that he requires additional discovery pursuant to Local Rule 260(b), pertaining to his medical records and the names of officers who brought discovery to Plaintiff on February 16, 2018.

In reply, Defendant argues that the grievances identified by Plaintiff relate only to medical treatment, but do not allege excessive force or describe the alleged excessive force incident. Defendant contends that Plaintiff's ignorance of the officers' names does not excuse or prevent him from filing a grievance concerning the alleged assault, and his claimed ignorance of officer conduct as a possible grievance issue is belied by other grievances filed by Plaintiff concerning officer conduct. Finally, Defendant argues that the Court should grant summary judgment as to the newly identified Doe Defendants, or, alternatively, issue an order to show cause why claims against them should not be summarily adjudged.

### 2. **Plaintiff's Failure to Exhaust Administrative Remedies**

The Court finds that Defendant has carried the burden to demonstrate that there was an available administrative remedy, but Plaintiff failed to exhaust that remedy in connection with his excessive force claim against Defendant. None of the grievances identified by Plaintiff allege any facts regarding an assault or use of excessive force by officers on September 29, 2016. At most, Plaintiff states that he filed a grievance for "injuries [he] got on 9-29-16." (ECF No. 41, p. 24.) However, the remainder of that grievance identifies only medical complaints, and Plaintiff has only checked "Medical" as the type of grievance. Furthermore, this grievance was submitted on November 11, 2016, well after the 14-day deadline had expired. (Id.) Grievances which only

describe Plaintiff's injuries in terms of requested medical care failed to place the jail on notice that Plaintiff had an unresolved claim concerning excessive force, and are therefore not sufficient to exhaust his administrative remedies with respect to the claim in this action.

The burden therefore shifts to Plaintiff to demonstrate that the existing and generally available administrative remedy was effectively unavailable to him. The Court finds that Plaintiff has failed to carry this burden. Plaintiff's argument that he could not file a grievance prior to learning the names of the booking officers involved is contradicted by the three grievances he relies upon. Specifically, all three are directed at unidentified staff, such as "Nurses in Booking" or "Medical Staff." (Id. at 16, 20, 24.) The FCJ's substantive responses to those three grievances further indicate that Plaintiff had the ability to file a grievance without the names of any of the officers involved in the excessive force claim at issue. (Id. at 17, 21, 25.)

Based on the foregoing, the Court finds that Plaintiff has not exhausted his administrative remedies with regard to his excessive force claim against Defendant and that he should not be excused from the failure to exhaust.

### 3. Doe Defendants

On January 10, 2018, Doe Defendants #1, #2, and #3 were dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 33.) Plaintiff argues that he has finally identified Doe Defendants #1 and #2, and requests that they be served. Defendant Maldonado, on the other hand, requests that the Court *sua sponte* grant summary judgment on behalf of the newly-identified defendants, or, alternatively, issue an order to show cause why claims against them should not be summarily adjudged.

The Court declines to take any of the requested actions with respect to the newly-identified defendants. Though Defendant argues that the Court may grant summary judgment as to a non-moving party when the moving party's summary judgment motion reveals the absence of a genuine dispute warranting judgment as to a non-movant, at this time, the Doe Defendants are not parties to this action. The Doe Defendants are not on notice of the pendency of this action, and have not had the opportunity to consent to or decline the jurisdiction of a Magistrate Judge. As such, the undersigned lacks jurisdiction to enter a dispositive order regarding any of Plaintiff's

claims against these individuals. Likewise, the Court declines to issue an order to show cause requiring Plaintiff to respond with respect to claims no longer at issue in this action.

Should Plaintiff wish to pursue claims against the newly-identified defendants, those claims were dismissed without prejudice, and may be re-filed if Plaintiff chooses to do so.

**4. Additional Discovery**

With respect to Plaintiff's requests for additional discovery, the Court has reviewed the requests and finds that none are relevant to the exhaustion requirement. All the requests pertain to Plaintiff's medical records and subsequent discovery issues, and do not address the filing of grievances or Plaintiff's inability to do so prior to the filing of his complaint. Therefore, the requests cannot serve as a basis for denial of Defendant's motion pursuant to Local Rule 260(b), and are denied as moot.

**IV. Conclusion and Order**

For the reasons discussed above, it is HEREBY ORDERED as follows:

1. Defendant's motion for summary judgment, (ECF No. 40), is GRANTED; and
2. Judgment shall be entered in favor of Defendant, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 25, 2018**         /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE